**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **DHIONES JENARI BONFIM DA SILVA,**<br><br>                    **Petitioner,**<br><br>        **v.**<br><br>**J.L. JAMISON,** *et al*.,<br><br>                    **Respondents.** | **CIVIL ACTION NO.  26-3976** |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                    **June 12, 2026**

Petitioner Dhiones Jenari Bonfim da Silva is yet another individual detained by the

Department of Homeland Security ("DHS") pursuant to the government's newfound

interpretation of Section 235 of the Immigration and Nationality Act ("INA"), codified at 8

U.S.C. § 1225. Mr. Jenari Bonfim da Silva promptly filed a 28 U.S.C. § 2241 petition, in which

he argues that detention without a bond hearing violates the INA, the Administrative Procedures

Act ("APA"), and his due process rights.[1] Due to Mr. Jenari Bonfim da Silva's longstanding

presence in the United States, the government lacked authority to mandatorily detain him under 8

U.S.C. § 1225(b)(2). Consistent with hundreds of other rulings in this District,[2] Mr. Jenari

Bonfim da Silva's petition will be granted.

---

[1] Pet. [Doc. No. 1].

[2] *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that, as of November 18, 2025, 282 of 288 district court decisions had found that the application of § 1225(b)(2) to noncitizens residing in the United States is unlawful); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025)*; Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025)*; Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025)*; Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025)*; Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025); *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025). Since then, numerous additional

## I.     BACKGROUND

Dhiones Jenari Bonfim da Silva is a thirty-one-year-old native of Brazil who entered the United States without inspection in or around 2022.[3] After arriving, Mr. Jenari Bonfim da Silva was detained and processed by DHS officers who ultimately released him.[4] Mr. Jenari Bonfim da Silva eventually settled in Philadelphia to live with his partner.[5] He also has two children and has maintained steady employment while in this country.[6]

On or about June 9, 2026, while Mr. Jenari Bonfim da Silva was at work, he was arrested by DHS officials and transported to the Philadelphia Federal Detention Center ("FDC"), where he is detained pending removal proceedings.[7] He had no opportunity to contest his detention and has not been afforded a bond hearing.[8] Mr. Jenari Bonfim da Silva's detention results from Respondents' new interpretation of 8 U.S.C. § 1225(b)(2)(A), whereby they consider individuals who have been long-present in the United States without lawful status to be "applicant[s] for admission" who are "seeking admission" and thus subject to detention without a bond hearing.[9]

---

decisions have ruled against the government. *See, e.g.*, *Kanaut v. Rose*, No. 25-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026); *Francois v. Noem*, No. 25-7334, 2026 WL 27565 (E.D. Pa. Jan. 5, 2026); *Lara Cordon v. Jamison*, No. 25-6937, 2025 WL 3756948 (E.D. Pa. Dec. 29, 2025); *Kumar v. McShane*, No. 25-6238, 2025 WL 3722005 (E.D. Pa. Dec. 23, 2025); *Alekseev v. Warden, Phila. Fed. Det. Ctr.*, No. 26-0462, 2026 WL 413439, at *1 (E.D. Pa. Feb. 13, 2026) (identifying that all 201 decisions in this District have rejected the government's position). Among this District's most recent decisions are *Tiul Caal v. Rife*, No. 26-3923, 2026 WL 1683237 (E.D. Pa. June 10, 2026); *Cardoso Sacramento v. Jamison*, No. 26-3535, 2026 WL 1683231 (E.D. Pa. June 10, 2026); and *Morales v. Mullin*, No. 26-3921, 2026 WL 1683234 (E.D. Pa. June 10, 2026).

[3] Pet. ¶¶ 1, 17 [Doc. No. 1]; Opp'n at 5 [Doc. No. 4].

[4] Pet. ¶ 18 [Doc. No. 1].

[5] *Id.* ¶ 18.

[6] *Id.* ¶¶ 19, 53.

[7] *Id.* ¶¶ 20-22. Mr. Jenari Bonfim da Silva's next immigration court hearing is scheduled to occur on June 23, 2026, at 9:00 AM. EOIR Automated Case Information [Doc. No. 1-3].

[8] *See id.* ¶ 21.

[9] *Id.* ¶ 23; *See* Opp'n at 6-8 [Doc. No. 4]; 8 U.S.C. § 1225(b)(2)(A).

On June 10, 2026, Mr. Jenari Bonfim da Silva petitioned for a writ of habeas corpus under 28 U.S.C. § 2241.[10] Consistent with its established practice for recent cases involving individuals detained by DHS under 8 U.S.C. § 1225(b)(2)(A), this Court ordered the government to show cause why Mr. Jenari Bonfim da Silva's petition should not be granted.[11] It also scheduled a show cause hearing.[12] By stipulation of the parties, the Court cancelled the show cause hearing and resolved to decide the case on the papers, as the parties requested.[13]

## II.   LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 motion where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[14] It is the petitioner's burden to show that the detention violates the Constitution or federal law.[15]

## III.   DISCUSSION

The decisive issue is whether the mandatory detention provided for in 8 U.S.C. § 1225(b)(2)(A) extends to noncitizens who, despite not being admitted or paroled, have established their presence in the United States.[16] As the parties note, courts in this District have confronted this question repeatedly and exhaustively in the past months.[17] Overwhelmingly,

---

[10] Pet. [Doc. No. 1].

[11] 6/10/26 Order [Doc. No. 2].

[12] *Id.*

[13] 6/11/26 Stipulation and Order [Doc. No. 5].

[14] 28 U.S.C. § 2241(c)(3).

[15] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

[16] Respondents do not contest whether this Court has jurisdiction to review Mr. Jenari Bonfim da Silva's petition. In any event, the Court has jurisdiction, as the various INA jurisdiction-stripping statutes, *see, e.g.*, 8 U.S.C. § 1252(g); 8 U.S.C. § 1252(a)(2)(B)(ii); 8 U.S.C. § 1252(b)(9), do not apply. *See Yilmaz*, 2025 WL 3459484, at *2 (concluding that the jurisdiction-stripping statutes are not germane because the petitioner "challenges his detention rather than the initiation of removal proceedings, because [the petitioner] cannot obtain relief for his detention following a final order regarding removal, and because [the petitioner's] detention is not the byproduct of a discretionary determination").

[17] Pet. ¶ 3 [Doc. No. 1]; Opp'n at 3 [Doc. No. 4].

these courts have rejected Respondents' position and found that § 1225(b)(2)(A) does not cover

noncitizens who are firmly established in the country.[18] Still, "[t]his Court considers each case on

an *ad hoc* basis, and its rulings turn on the facts of each case at issue."[19]

8 U.S.C. § 1225(b)(2)(A) provides as follows:

**(2)      Inspection of other aliens**

**(A)      In general**

Subject to subparagraphs (B) and (C), in the case of an alien who is an
applicant for admission, if the examining immigration officer determines
that an alien seeking admission is not clearly and beyond a doubt entitled
to be admitted, the alien shall be detained for a proceeding under section
1229a of this title.

In urging this Court to diverge from its interpretation of § 1225(b)(2)(A) in prior

decisions, Respondents cite the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*[20] and the

Eighth Circuit's decision in *Avila v. Bondi*.[21] They emphasize that, in those cases, the courts held

that "seeking admission" was not a separate requirement from the condition that the individual

be an "applicant for admission."[22]

The Court need not defer to, and indeed rejects, the reasoning of *Buenrostro-Mendez* and

*Avila*. The term "seeking admission," by its plain meaning, connotes present, ongoing action.[23]

"Because some affirmative, present action is required, this phrase cannot apply to all noncitizens

---

[18] *See supra* n.1.

[19] *Diallo v. Bondi*, No. 25-7421, 2026 WL 36534, at *2 (E.D. Pa. Jan. 6, 2026).

[20] 166 F.4th 494 (5th Cir. 2026).

[21] 170 F.4th 1128 (8th Cir. 2026).

[22] Opp'n at 6-8 [Doc. No. 4].

[23] *See Kashranov*, 2025 WL 3188399, at *6 (" '[S]eeking admission' describes active and ongoing conduct—
physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for
inspection and authorization.").

already residing in the United States."[24] An "applicant for admission" who is "seeking admission" must therefore be a noncitizen at a port of entry seeking to cross into the United States.[25] Respondents' reading would render the term "seeking admission" entirely superfluous.[26] Their reading would also clash with past agency practice and the canon of constitutional avoidance.[27] Thus, as Mr. Jenari Bonfim da Silva correctly observes, the detention of noncitizens in situations like his is governed not by § 1225 but by § 1226(a) and corresponding regulations, which entitle noncitizens to a bond hearing before continued detention is permitted.[28]

Congress's amendment of § 1226 in the Laken Riley Act confirms this point. There, Congress adopted provisions demanding that a noncitizen be detained without a bond hearing if he enters the country illegally and is convicted or charged with certain kinds of crimes.[29] This amendment would be meaningless if, as Respondents suggest, § 1225 authorized detention without a bond hearing irrespective of such criminal matters. Other provisions of § 1226 that reserve mandatory detention for when a noncitizen participates in criminal activity would likewise be superfluous on Respondents' reading. These considerations only amplify following

---

[24] *Centeno Ibarra*, 2025 WL 3294726, at *5.

[25] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5.

[26] *See Ndiaye*, 2025 WL 3229307, at *5 (determining that since Congress's " 'choice of words is presumed to be deliberate and deserving of judicial respect,' this Court must give meaning to the words 'an alien seeking admission.' " (quoting *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 364 (2018)).

[27] *See id.* at *6 (noting that, since 1997, the DHS had applied § 1226(a) to inadmissible noncitizens residing in the United States); *id.* at *7 (an interpretation of § 1225 allowing for the mandatory detention of noncitizens who have long been present in the country would implicate constitutional questions of due process).

[28] *See Yilmaz*, 2025 WL 3459484, at *3; *see also Centeno Ibarra*, 2025 WL 3294726, at *4-7; 8 C.F.R. § 1236.1(c)(8), (d)(1) (stating that bond is available to noncitizens detained under § 1226(a) and that "the immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond"); *Jorge-Peralta v. Jamison*, No. 26-1775, 2026 WL 1047057, at *4 (E.D. Pa. Apr. 17, 2026) ("[Petitioner's] detention is instead governed by § 1226 because he is a '[noncitizen] already present in the United States.' " (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)).

[29] Laken Riley Act, Pub. L. No. 119-1, § 2, 139 Stat. 3, 3 (2025); 8 U.S.C. § 1226(c)(1)(E) (requiring mandatory detention of inadmissible noncitizens who have been charged with or convicted of certain crimes including burglary, theft, and larceny).

decisions in the Second, Sixth, and Eleventh Circuits that adopted the interpretation that Mr. Jenari Bonfim da Silva advances.[30]

To summarize, Mr. Jenari Bonfim da Silva may be detained under the INA only if, under § 1226(a) and the applicable regulations, he receives a bond hearing and the facts show that he poses a risk of flight or community endangerment.[31] But Respondents do not allege facts suggesting that Mr. Jenari Bonfim da Silva is likely to flee or that he is otherwise dangerous. Nor does the record portray such concerns. Mr. Jenari Bonfim da Silva has been in the United States for four years, has entrenched ties to his community through his employment and family commitments, has no criminal background, and has complied with the conditions of his initial immigration release.[32] A bond hearing is unnecessary, and the Court will order Mr. Jenari Bonfim da Silva's immediate release.[33]

Because Mr. Jenari Bonfim da Silva's detention without a bond hearing violates the INA, the Court need not reach his APA and due process arguments.

---

[30] *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026) (declining to apply § 1225(b)(2)(A) to a noncitizen-detainee who "is not 'seeking admission' because he is not requesting lawful entry into the United States after inspection and authorization"); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026) (reaching the same result and noting, "Congress has . . . preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years"); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026) ("Because no Petitioner is alleged to be seeking admission or lawful entry into the United States . . . Petitioners could have been detained pursuant to only § 1226.").

[31] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *4, *8 n.69; 8 C.F.R. § 1236.1(c)(8), (d)(1).

[32] Pet. ¶¶ 18, 20-21 [Doc. No. 1].

[33] *See Karshranov*, 2025 WL 3188399, at *8 ("[A] habeas court has 'the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.'" (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))).

**IV.    CONCLUSION**

For the foregoing reasons, Respondents were not authorized to mandatorily detain Mr.

Jenari Bonfim da Silva without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). The Court will

grant his petition and order his immediate release. An order will follow.